Defendants present the entities' K-1s as dispositive proof that Rubell family LLC-transferees of Rubell's interests are entity partners; however, such documents, standing alone, do not prove an express partnership exists (*see Royal Communications Consultants, Inc. v IVIZ, LLC*, 40 Misc 3d 1217[A], 2013 NY Slip Op 51213[U], *4 [Sup Ct, Kings County 2013]). They may be relevant to the inquiry, but are not determinative (*see Rosenfeld v Kaplan*, 245 AD2d 176 [1st Dept 1997]). Moreover, defendants are judicially estopped from reliance on the K-1s as proof of their LLCs' partnership interests, having taken the precisely contrary position in the Sperber Litigation, and prevailed (*see Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [1st Dept 2006]). Their failure to submit any proof of Rubell's or other then-living partners' consent to their LLCs' acquisition of membership interests in the entities further undermines their position here (*see Rapoport v 55 Perry Co.*, 50 AD2d 54, 57 [1st Dept 1975]).

Plaintiffs have shown irreparable injury to the extent the properties continue to be managed by an agent they do not desire (*see Fieldstone Capital, Inc. v Loeb Partners Realty*, 105 AD3d 559 [1st Dept 2013]; *Bishop v Rubin*, 228 AD2d 222, 224-225 [1st Dept 1996]). Further, given that defendants have been on notice, since 2009, that, by the settlement agreements' plain terms, their tenure as managing agent could expire as early as May 2016, and given they do not show why, if their termination by plaintiffs is ultimately deemed valid, they cannot seek management work elsewhere, the balance of equities weighs in plaintiff's favor (*see Sirius Satellite Radio v Chinatown Apts.*, 303 AD2d 261 [1st Dept 2003]; *Manhattan Real Estate Equities Group LLC v Pine Equity N.Y., Inc.*, 7 Misc 3d 1008[A], 2004 NY Slip Op 51869[U] [Sup Ct, NY County 2004], *affd* 16 AD3d 292 [1st Dept 2005]). Defendants' unsupported, fact-intensive arguments concerning the alleged hardships that would be suffered by tenants of the partnerships' properties if SRC were replaced with a new managing agent were not raised below, and so we do not consider them now (*see Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303 [1st Dept 2000]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.

■ In the Matter of Manuel P. Asensio, Petitioner, v Nancy M. Bannon, Respondent. [64 NYS3d 552]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said

proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.

■ In the Matter of MANUEL P. ASENSIO, Petitioner, v NANCY M. BANNON, Respondent. [64 NYS3d 552]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.

(November 30, 2017)

■ NINETEEN EIGHTY-NINE, LLC, Appellant, v CARL C. ICAHN et al., Respondents. [66 NYS3d 455]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 23, 2015, which denied plaintiff's post-trial motion to set aside the verdict and order a new trial, unanimously affirmed, without costs.

In November 2001, defendant Chelonian Subsidiary, LLC, controlled by defendant Carl C. Icahn, and 1989 Ltd., formed 1879 Hall, LLC (Hall), a Delaware limited liability corporation. 1989 Ltd. assigned its interest to plaintiff, Nineteen Eighty-Nine, LLC, controlled by Q Investments.

The sole purpose of Hall was "to acquire, hold, own and dispose of . . . Securities and Claims" of Federal-Mogul Corporation (FMO), an auto parts manufacturer that was in bankruptcy. Under the LLC agreement, if Chelonian, as Hall's manager, wanted to acquire more FMO securities or claims for Hall's account, it was to issue a written "Capital Call" requesting that plaintiff pay its pro rata share (23.411%), accompanied by a statement outlining the nature of the interests to be acquired and all material documentation relied on by Chelonian in deciding to acquire them. Plaintiff then had the option of participating or declining to participate in the transaction.